# United States Court of Appeals
# For the Second Circuit

August Term 2023
Argued: April 15, 2024
Decided: August 8, 2024

No. 23-434 (L)

IN RE: ANDREW DELANEY,

*Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANDREW JOHN DELANEY,

*Debtor-Appellant,*

*v.*

GREGORY MESSER, IN HIS CAPACITY AS TRUSTEE,

*Trustee-Appellee.*[*]

Appeal from the United States District Court
for the Eastern District of New York
No. 22-cv-4805, Donnelly, *Judge.*

---

[*] The Clerk of Court is directed to amend the caption accordingly.

Before: JACOBS, PARK, and NATHAN, *Circuit Judges*.

Andrew Delaney filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. He later moved to dismiss his petition, but the bankruptcy court (Mazer-Marino, *B.J.*) denied his request because dismissal would not be in the interest of all parties, namely Delaney's creditors. Delaney appealed that denial to the district court (Donnelly, *J.*), which dismissed his appeal for lack of appellate jurisdiction. It concluded that the denial of a motion to dismiss a bankruptcy petition was not a final order that may be appealed as of right under 28 U.S.C. § 158(a)(1). Delaney now appeals the district court's dismissal, arguing that the bankruptcy court's order was final and appealable. But we too lack jurisdiction over Delaney's appeal of a nonfinal order, so we **DISMISS** Delaney's appeal.

––––––––

> Andrew J. Delaney, pro se, Makati, Philippines, for *Debtor-Appellant*.
>
> Gary F. Herbst, LaMonica Herbst & Maniscalco, LLP, Wantagh, NY, *for Trustee-Appellee*.

––––––––

PARK, *Circuit Judge*:

Andrew Delaney filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. He later moved to dismiss his petition, but the bankruptcy court (Mazer-Marino, *B.J.*) denied his request because dismissal would not be in the interest of all parties, namely Delaney's creditors. Delaney appealed that denial to the district court (Donnelly, *J.*), which dismissed his appeal for lack of appellate jurisdiction. It concluded that the denial of a motion to dismiss a bankruptcy petition was not a final order that may be appealed as of right under 28 U.S.C. § 158(a)(1). Delaney now appeals the district court's dismissal, arguing that the bankruptcy court's order was final and appealable. But we too lack jurisdiction over Delaney's appeal of a nonfinal order, so we dismiss Delaney's appeal.

## I. BACKGROUND

Debtor-Appellant Andrew Delaney is a lawyer who, acting pro se, filed a Chapter 7 petition in the Eastern District of New York listing $1,110 in assets and $44,434 in liabilities. Trustee-Appellee Gregory Messer was appointed as the trustee responsible for administering Delaney's bankruptcy estate. Delaney later changed his mind and filed a total of five voluntary motions to dismiss his petition.[1] Delaney withdrew the first two motions, and the bankruptcy court

---

[1] We have recognized that motions to dismiss a bankruptcy petition, including those filed by the debtor himself, are governed by 11 U.S.C. § 707(a). *See In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007). Section 707(a) permits dismissal of a Chapter 7 petition "only for cause."

3

denied the next two. This appeal concerns the fifth and last motion to dismiss.

Delaney argued that he was not a debtor as defined by 11 U.S.C. § 109(a) and that venue was improper because Delaney "is a domiciliary of a foreign country" who had not resided in the Eastern District for 180 days before filing his petition. The bankruptcy court disagreed. First, it concluded that dismissal would not be in the interest of all parties—as required for a voluntary dismissal under 11 U.S.C. § 707(a), *see In re Murray*, 900 F.3d 53, 58 (2d Cir. 2018)—because the trustee had made progress by achieving "a modest settlement." Second, the bankruptcy court had previously rejected Delaney's jurisdiction and venue arguments in denying a prior motion to dismiss, and those decisions remained binding. So the bankruptcy court again denied Delaney's motion to dismiss his petition.

Delaney appealed the bankruptcy court's denial to the district court. But the district court dismissed his appeal without reaching the merits, concluding that the bankruptcy court's denial of the motion to dismiss was not a final order that may be appealed as of right under 28 U.S.C. § 158(a)(1). *See In re Delaney*, No. 22-cv-1664 (AMD), 2023 WL 2614099, at *10-11 (E.D.N.Y. Mar. 20, 2023). It noted that the Second Circuit has "not definitively ruled" on the question whether a bankruptcy court's denial of a motion to dismiss a bankruptcy petition constitutes a final order. *Id.* at *10. It observed, however, that other circuits and district courts in this Circuit have concluded that such orders are nonfinal. *See id.* It concluded that the

order was nonfinal because "a bankruptcy order is typically considered final only when it finally disposes of discrete disputes within the larger case," which did not occur here because the denial of a motion to dismiss merely allows the case to proceed. *Id.* (cleaned up) (citing *In re Sonnax Indus.*, 907 F.2d 1280, 1283 (2d Cir. 1990)). The district court treated Delaney's notice of appeal as a motion for leave to appeal under 28 U.S.C. § 158(a)(3) and denied it.[2]

Delaney now appeals the district court's decision. We directed the parties to brief "whether the bankruptcy court's order denying [Delaney's] motion to dismiss his bankruptcy petition was a final, appealable order." *In re Delaney*, No. 23-434(L), 2023 WL 6618118, at *1 (2d Cir. July 12, 2023).

## II. DISCUSSION

"We turn first, as we must, to the issue of our own appellate jurisdiction." *RSS WFCM2018-C-44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 590 (2d Cir. 2023) (cleaned up). If we lack appellate jurisdiction, we must dismiss the appeal. *See Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024). "Bankruptcy appeals are governed for the most part by [28 U.S.C.] § 158." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992). Section 158(d)(1) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final

---

[2] Federal Rule of Bankruptcy Procedure 8004(d) authorizes the district court to "treat the notice of appeal as a motion for leave and either grant or deny it" when "an appellant timely files a notice of appeal under this rule but does not include a motion for leave."

decisions, judgments, orders, and decrees" of district courts reviewing decisions of bankruptcy courts.

Generally, a final decision "is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). Although a "more flexible concept of 'finality' is applied" in bankruptcy, *In re Penn Traffic Co.*, 466 F.3d 75, 77 (2d Cir. 2006) (per curiam), a district court's order is not final if it "remand[s] for significant further proceedings in bankruptcy courts," *In re Décor Holdings, Inc.*, 86 F.4th 1021, 1024 (2d Cir. 2023) (per curiam).

Whether a district court's order requires significant further proceedings in bankruptcy court sometimes turns on whether the underlying bankruptcy order was itself final. When, as here, the district court dismisses an appeal from the bankruptcy court because it lacks appellate jurisdiction, our appellate jurisdiction turns on the effect of such dismissal on proceedings in the bankruptcy court. *See In re Chateaugay Corp.*, 876 F.2d 8, 9 (2d Cir. 1989) (per curiam) ("[I]f an order of a bankruptcy court is interlocutory, . . . we have no jurisdiction to review its merits nor to review a district court's decision to deny leave for an interlocutory appeal. However, we must review the threshold question of *whether* a bankruptcy court order is interlocutory; otherwise, we would not be able to determine the issue on which our own jurisdiction depends.").

Here, the district court's dismissal of Delaney's appeal left in place a nonfinal order of the bankruptcy court. The bankruptcy

court's order denying Delaney's motion to dismiss his petition is nonfinal because it did not "finally dispose of [a] discrete dispute[] within the larger bankruptcy case." *In re Penn Traffic Co.*, 466 F.3d at 77-78 (alteration omitted); *see Catlin v. United States*, 324 U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable."). The bankruptcy court allowed the case to proceed and did not "finally dispose" of any claim or dispute. The district court thus correctly concluded that the denial of a motion to dismiss a bankruptcy petition is a nonfinal order under § 158(a).

The district court properly construed the bankruptcy court's denial of Delaney's motion as a nonfinal order that, under § 158(a)(3), requires leave to appeal by the district court. Applying the test set forth in 28 U.S.C. § 1292(b), the district court denied Delaney leave to bring an interlocutory appeal of the bankruptcy court's order under § 158(a)(3). But absent a certification under § 158(a)(3), we lack jurisdiction under § 1292(b) to review the district court's decision to deny leave to appeal. *See Germain*, 503 U.S. at 254 ("So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction."); *In re AroChem Corp.*, 176 F.3d 610, 618 (2d Cir. 1999) ("As the district court has not certified this appeal under section 1292(b), we will have jurisdiction only if either (1) the district court's order was final, and hence appealable under section 158(d), or (2) the district court's order was interlocutory but appealable under *Cohen*."). The district court entered an order under § 158(a)(3) which is not final. *See In re AroChem Corp.*, 176 F.3d at 618 n.4 ("Because section 158(d)

7

limits this Court's jurisdiction to appeals over 'final' orders, . . . a district court order issued under 158(a)(3) is, by definition, not appealable to the court of appeals under section 158."). The district court's decision not to grant Delaney leave to appeal is thus not one that we may review. *See In re Kassover*, 343 F.3d 91 (2d Cir. 2003) (dismissing the appeal for lack of jurisdiction under § 1292(a)(1) when a district court, acting under 28 U.S.C. § 158(a)(3), declined to hear the merits of an appeal from the granting of an injunction).

The district court's dismissal of Delaney's appeal was tantamount to an order affirming the bankruptcy court's decision on the merits for purposes of finality under § 158(d)(1): The bankruptcy court's order denying Delaney's motion to dismiss set the case on track for a final resolution on the merits. And the district court's dismissal of the appeal left work to be done in the bankruptcy court. As explained above, § 158(d)(1) authorizes our review only when the district court's order does not contemplate significant further proceedings in the district court. It thus cannot support our appellate jurisdiction here.

### III.  CONCLUSION

The district court dismissed Delaney's appeal of the bankruptcy court's nonfinal order. The district court's order left work to be done in the bankruptcy court, rendering it nonfinal for purposes of § 158(d). We thus lack appellate jurisdiction and dismiss Delaney's appeal.

8